15
2-1-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD C. GENTRY,                  :    CIVIL ACTION NO. 1:CV-00-1675
                                   :
         Plaintiff                 :
                                   :
    v.                             :
                                   :                FILED
JAMES M. MORGAN, ET AL.,           :    (Judge Rambo)  HARRISBURG, PA
                                   :
         Defendants                :                FEB 01 2001
                                   :
              MEMORANDUM AND ORDER      MARY E. D'ANDREA, CLERK
                                        Per_____
                                              Deputy Clerk

**Background**

Plaintiff, an inmate at the State Correctional Institution at Smithfield, Huntindgon, Pennsylvania, ("SCI-Smithfield"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1]

---

1. Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff states in his complaint that "although he has requested treatment several times, [he] has been refused treatment and or proper medical treatment", resulting in "medical negligence, deliberate indifference, cruel and unusual punishment and medical malpractice". (Doc. No. 1, Complaint). For relief, he seeks compensatory and punitive damages as well as injunctive relief. Id.

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

2

In the context of medical care, the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). See Monmouth County Correctional Instit. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Because only flagrantly egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Assuming, without deciding, that Plaintiff's injuries were serious in the constitutional sense, the allegations in the complaint illustrate clearly that Plaintiff received treatment. Plaintiff claims that on May 15, 2000, he purchased a bar of facial soap from the inmate commissary. On May 26, 2000, after using the soap, Gentry claims that he complained to the medical staff that his face was "stinging with pain, reddness, rash and burns". He alleges that although he was seen by medical personnel, no treatment was prescribed until July 6, 2000, when, defendant, Dr. Salomon, "without giving [plaintiff] an examination ordered a cream called hydroeurtione (sic)

3

which only caused [plaintiff's] face to peel, turn dark and sting worse". (Doc. No. 1, Complaint).

On July 25, 2000 Gentry signed up for sick call and was seen by defendant, Physician's Assistant Melinda Baker, who "told [plaintiff] that she was not going to treat [his] problem because she could not see it". Id. Gentry was again seen on September 8, 2000 by defendant, Dr. Long. However, no treatment was prescribed. Id.

The allegations in Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint can only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under § 1983, See Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim under § 1983. See White, 897 F.2d at 108-110.

Thus, under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The motion to proceed in forma pauperis (Doc. No.3) is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED.**

2. The complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

4

   3.  Plaintiff's motions for appointment of counsel (Doc. No. 2), and for release of documents and service of the complaint (Doc. No. 10) are **DENIED as MOOT**.

   4.  The Clerk of Court shall close this case.

   5.  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                          _____
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: February   1  , 2001.

```
                UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                       February 1, 2001


    Re:  1:00-cv-01675    Gentry v. Morgan



    True and correct copies of the attached were mailed by the clerk
    to the following:


         Donald C. Gentry
         SCI-ALBION
         CB-3431
         10745 Rt. 18
         Albion, PA  16475-0001




cc:
Judge                        (X )            (X ) Pro Se Law Clerk
Magistrate Judge             (  )            (  ) INS
U.S. Marshal                 (  )            (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Federal Public Defender      (  )
Summons Issued               (  )   with N/C attached to complt. and served by:
                                    U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5          (  )
Order to Show Cause          (  )   with Petition attached & mailed certified mail
                                    to:  US Atty Gen  (  )   PA Atty Gen (  )
                                         DA of County (  )   Respondents (  )
Bankruptcy Court             (  )
Other_____  (  )
                                              MARY E. D'ANDREA, Clerk


    DATE: February 1st, 2001            BY: /s/ _____
                                                 Deputy Clerk
```